UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRE BRIGHAM YOUNG,

    Plaintiff,

v.

THE STATE OF WASHINGTON; THE CITY OF SEATTLE; KING COUNTY; RON McKENNA, State Attorney General's Office; NORMAN K. MALENG, King County Prosecutor (Seattle) RICHARD A. JONES, King County Superior Court Judge, and all other KING COUNTY SUPERIOR COURT JUDGES; including all Judges and Prosecutors of THE STATE OF WASHINGTON,

    Defendants.

Case No.  C06-1687JCC-MJB

ORDER

    This matter comes before the court on Plaintiff's First Amended Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 6). The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion. For the reasons stated below, the motion should be denied.

    This motion was assigned by the Chief Judge to the undersigned Judge to assist Magistrate Judge Benton, who is on temporary sick leave.

ORDER - 1

As referenced in plaintiff's motion, to secure a preliminary injunction plaintiff must fulfill one of two standards.  Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.  Under the alternative standard, the plaintiff may meet his burden by demonstrating either: (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tip sharply in his favor.  *See Cassim v. Brown*, 824 F.2d 791,795 (9th Cir. 1987).  Plaintiff here fails to meet his burden under either test for the reasons discussed below.

Plaintiff seeks relief for the following alleged wrongs:

(1) *In re Detention of Young*, 122 Wn.2d 1 (1993), was constitutionally impermissibly decided, and the court should issue a temporary restraining order and preliminary injunction against use of that case by the defendants.

(2) The court should issue a preliminary injunction to "require defendants to cease and desist stigmatizing him with" certain "adjectival terms."

(3) Apparently, plaintiff seeks a preliminary injunction and temporary restraining order requiring "the SCC defendants" not to provide "Undocumented Annual Reviews, Individual Management Plans, IMP, Behavior Management Plans, BMPs, et cetera" in accord with an order issued in *Turay et al. v. Richards et al.*, Western District of Washington C91-664RM.

Although this case was filed as a possible class action, it is not now a class action and no petition for formation of a class has been filed pursuant to Federal Rule of Civil Procedure 23.

The named parties "all other King County Superior Court Judges, including all judges and prosecutors of the State of Washington, et al." does not name any proper parties, and the court could not properly issue an injunction against those named groups.

ORDER - 2

Judge Jones and Prosecutor Maleng are entitled to immunity for judicial and prosecutorial acts, making it questionable whether plaintiff would prevail on claims against them. The papers in the case do not specify what those parties specifically may have done, if anything, outside of the prosecutorial and judicial functions.

No specific defendants have been named as specifically engaging in specific acts that in some way are stigmatizing to the plaintiff.

The plaintiff does not specifically name "SCC defendants" that may be requiring reviews or plans that may have been precluded by the *Turay* case, and in any event, plaintiff does not show that this case is a proper way to seek enforcement of a judgment and injunction in another case.

The main thrust of plaintiff's motion is an attack on *In re Detention of Young*, 122 Wn.2d 1 (1993). If that case was "constitutionally impermissibly decided" as plaintiff claims, his avenue of relief is through proceedings in that case and not through a civil rights complaint such as plaintiff filed in this case. In any event, when cases are decided by appellate courts they become part of the common law and if they are misused or misinterpreted in later proceedings, the avenue of relief is through appeal of any such misrepresentation or misuse. A separate case such as this is not an appropriate forum to decide an issue as to whether *In re Detention of Young* was impermissibly decided or should be referred to or used by lawyers and courts in later proceedings.

Plaintiff has not shown what irreparable injury he will suffer if relief is denied <u>in this case</u>.

It appears from the record herein that plaintiff has not shown that he will probably prevail on the merits. He has not shown that the balance of potential harm or the public interest favors his motion. Furthermore, he has not shown that there is a combination of probable success and the possibility of irreparable injury, or that serious questions are raised or the balance of hardships tip sharply in plaintiff's favor. In fact, it appears that plaintiff has almost no chance of success on the merits of his claim.

ORDER - 3

1    For the foregoing reasons, Plaintiff's First Amended Motion for Temporary Restraining
2 Order and Preliminary Injunction (Dkt. 6) is hereby DENIED.
3    The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of
4 record via the CM/ECF system and to any party appearing *pro se* at said party's last known address
5 via the U.S. Mail.
6    DATED this 21st day of December, 2006.

/s/ Robert J. Bryan

Robert J. Bryan
United States District Judge

ORDER - 4