UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ANDRE B. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.  C06-1687-JCC-JPD |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, et al., | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Andre B. Young is civilly committed at the Special Commitment Center ("SCC") in Steilacoom, Washington.  He has filed this civil rights action pursuant to 42 U.S.C. § 1983, challenging the defendants' use of *In re Young*, 122 Wn.2d 1, 857 P.2d 989 (1993), in proceedings under RCW 71.09, Washington's Sexually Violent Predators Act.  Plaintiff's complaint names the following as defendants: the State of Washington; the City of Seattle; King County; Ron [sic] McKenna, State Attorney General's Office; Norman K. Maleng, King County Prosecutor; Richard A. Jones, King County Superior Court Judge; all other King County Superior Court Judges; and all other judges and prosecutors of the State of Washington.[1]  (Dkt.

---

[1]Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the successors in interest to King County Prosecutor Norm Maleng and former King County Superior Court Judge Richard Jones are automatically substituted as parties in this action.

REPORT AND RECOMMENDATION
Page - 1

# 1 at 1.)  Plaintiff seeks declaratory and injunctive relief directing the defendants to cease and desist using *In re Young* in prosecuting him and others similarly situated or any person who may be selected and referred by The End of Sentence Review Committee (TESRC) for prosecution under RCW 71.09.

On February 14, 2007, the King County defendants[2] filed a motion for an order of judgment on the pleadings dismissing the complaint against them in this case.  (Dkt. # 24.) Plaintiff filed a response (Dkt. # 27) and the King County defendants filed a reply (Dkt. # 28).[3]

On March 6, 2007, Plaintiff filed a motion to dismiss all of Defendants' responses to his civil rights complaint, including the pending motion for judgment on the pleadings, on grounds that any arguments from the defendants pertaining to all aspects of his alleged mental health are issue precluded by *Young v. Smith*, 8 Wn. App. 276, 505 P.2d 824 (1973).  (Dkt. # 29.)  The King County defendants and the non-King County defendants[4] filed separate responses in opposition to the motion to dismiss.  (Dkt. ## 31 and 36.)

On March 22, 2007, Plaintiff filed a motion for partial summary judgment on the basis that the defendants are issue precluded from re-litigating issues reached in *Young v. Smith* and *In*

---

[2]The King County defendants include the successors in interest to King County Prosecutor Norm Maleng and former King County Superior Court Judge Richard Jones, the Judges of the King County Superior Court, the prosecutors employed by King County, and King County itself. (*See* Dkt. # 24 at 2.)

[3]On March 14, 2007, Plaintiff filed a document titled "Relevant Citation for the Court's Consideration of My Request for Declaratory, Preliminary and Injunctive Relief, which appears to be a supplemental response to the King County defendants' motion for judgment on the pleadings. (Dkt. # 35.)  However, because this supplemental response was untimely filed after the noting date for the motion and because Plaintiff had already filed opposition to the motion, the supplemental response will not be considered by the Court.

[4]The non-King County defendants include the State of Washington; Robert M. McKenna, the Washington State Attorney General, and "all Judges and Prosecutors of the State of Washington."  (Dkt. # 36 at 1.)

REPORT AND RECOMMENDATION
Page - 2

*re Detention of Young*, 120 Wn. App. 753, 86 P.3d 810 (2004), which Plaintiff claims invalidate *In re Young*, 122 Wn. 2d 1 (1993). (Dkt. # 38.) The King County defendants filed opposition to the motion (Dkt. # 40), the non-King County defendants filed a response joining the opposition (Dkt. # 41), and Plaintiff filed a reply (Dkt. # 43).

On May 15, 2007, the non-King County defendants filed a motion for judgment on the pleadings, joining in and adopting the reasoning set forth in the King County defendants' earlier motion for judgment on the pleadings. (Dkt. # 47.) Plaintiff filed a response to the motion (Dkt. # 49), and the non-King County defendants filed a reply that, in part, challenged Plaintiff's response as untimely (Dkt. # 48).

Having considered these motions and responses, and the balance of the record, the undersigned Magistrate Judge recommends that Defendants' motions for dismissal of Plaintiff's complaint be GRANTED, and that Plaintiff's motion to dismiss Defendants' responses and Plaintiff's motion for summary judgment be STRICKEN as moot.

## II.  BACKGROUND

In his complaint, Plaintiff alleges that *In re Young*, 122 Wn.2d 1, is constitutionally invalid and cannot be used to imprison or prosecute him because he has never been a mentally ill person as established in *Young v. Smith*, 8 Wn. App. 276, 505 P.2d 824 (1973). (Dkt. # 1 at 2.) Plaintiff also claims that *In re Young* cannot be used against him or anyone else accused of being a sexually violent predator (SVP) because the decision was obtained while he was unlawfully incarcerated in violation of his Early Earned Time Release Date (EETRD) of March 4, 1990. (*Id.* at 3.) He contends that all the defendants "worked in tandem to conspiratorally, unlawfully, illegally, maliciously commit fraud to obtain his commitment." (*Id.*) Plaintiff further claims that the defendants are collaterally estopped by *Young v. Smith* from asserting a defense against the claims he makes pertaining to his mental illness. (*Id.* at 5.) Plaintiff asserts that any person who

REPORT AND RECOMMENDATION
Page - 3

is selected for prosecution using *In re Young*, is subsequently irreparably harmed, stigmatized, labeled, and damaged for life.  (*Id.* at 6.)

## III.  DISCUSSION

A.    <u>Defendants' Motions for Judgment on the Pleadings</u>

The King County defendants seek judgment on the pleadings dismissing Plaintiff's complaint on grounds that:

1.    [the] plaintiff is collaterally attacking his civil commitment in violation of the rule of *Heck v. Humphrey*;

2.    the plaintiff has not properly named the prosecutors, judges and municipalities of the State;

3.    the plaintiff has not alleged any policy, practice or custom of King County of violating his federal rights; and

4.    King County Prosecuting Attorney Norm Maleng and former Superior Court Judge Richard Jones[5] are entitled to absolute immunity.

(Dkt. # 24 at 2.)  The non-King County defendants seek judgment on the pleadings dismissing the complaint on the same grounds, as well as on the basis that "[d]efendant McKenna is absolutely immune from suit for any acts engaged in his prosecutorial function."  (Dkt. # 47 at 2.)

Rule 12(c) of the Federal Rules of Civil Procedure provides that "*[a]fter the pleadings are closed* – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c) (emphasis added).  The pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming that no counterclaim or

_____

[5]*See supra* note 1.

REPORT AND RECOMMENDATION
Page - 4

1   cross-claim is made. *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (citing 5C

2   Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1367 (3d ed. 2004)

3   ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an

4   answer.")).

5       Here, the record reflects that neither the King County defendants nor the non-King

6   County defendants ever filed an answer in this action.  Thus, the pleadings are not closed and

7   Defendants' motions for judgment on the pleadings are procedurally premature, and cannot be

8   granted as such.  *See Doe v. United States*, 419 F.3d at 1061.  However, if a party files a Rule

9   12(c) motion before its answer, the Court may treat it as a motion to dismiss under Rule 12(b)(6)

10  for failure to state a claim.  *Dale v. Executive Office of the President*, 164 F. Supp. 2d 22, 24

11  (D.D.C. 2001) (citing *Seber v. Unger*, 881 F. Supp. 323, 325 n.2 (N.D. Ill. 1995)).  Because the

12  standard applied to decide a Rule 12(c) motion is the same as the standard used in a Rule

13  12(b)(6) motion, *see Brown v. Woodford*, No. C 05-2937 SI (pr), 2007 WL 735768, at *1 (N.D.

14  Cal. Mar. 7, 2007), no prejudice to any party results from treating a Rule 12(c) motion as a

15  12(b)(6) motion.  Accordingly, in the instant case, where Defendants' motions seeking dismissal

16  of Plaintiff's complaint were filed before an answer, this Court construes them as motions under

17  Rule 12(b)(6) and generally refers to them as "motions to dismiss."

18      A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim.

19  *Navarro v. Block*, 250 F.3d 720, 732 (9th Cir. 2001).  Because the focus of a Rule 12(b)(6)

20  motion is on the legal sufficiency, rather than the substantive merits of a claim, the court

21  ordinarily limits its review to the face of the complaint.  *See Van Buskirk v. Cable News Network,*

22  *Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  On a motion for dismissal of a complaint under Rule

23  12(b)(6), all allegations of material fact in the complaint are taken as true and are construed in

24  the light most favorable to the nonmoving party.  *See Jenkins v. McKeithen*, 395 U.S. 411, 421

25

26  REPORT AND RECOMMENDATION
    Page - 5

1    (1969); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  A complaint should not be

2    dismissed under 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of

3    facts in support of his claim which would entitle him to relief."  *Balistreri v. Pacifica Police*

4    *Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (quoting *Conley v. Gibson*, 255 U.S. 41, 45-46

5    (1957)).  Dismissal can be based on the lack of a cognizable legal theory or the absence of

6    sufficient facts alleged under a cognizable legal theory.  *Balistreri*, 901 F.2d at 699.

7            1.    <u>Applicability of *Heck v. Humphrey*</u>

8            Defendants argue that Plaintiff's claims are barred by the rule of *Heck v. Humphrey*, 512

9    U.S. 477 (1994), because Plaintiff is directly attacking the validity of his civil commitment by

10   suing the Prosecuting Attorney whose office is prosecuting the commitment case, the Judge who

11   was overseeing that prosecution, the State which operates the commitment facility, and the

12   Attorney General who represents the State.  (Dkt. # 24 at 3-4; # 47 at 3.)

13           In *Heck*, the Supreme Court held that a § 1983 claim for damages that calls into question

14   the lawfulness of a plaintiff's conviction or confinement is not cognizable "unless and until the

15   conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of

16   habeas corpus."  512 U.S. at 489.  Thus, when a state prisoner seeks damages in a § 1983 suit,

17   the district court must consider whether a judgment in favor of the plaintiff would necessarily

18   imply the invalidity of his conviction or sentence.  *Id.* at 487.  "[I]f it would, the complaint must

19   be dismissed, unless the plaintiff can demonstrate that the conviction or sentence has already

20   been invalidated."  *Id.*; *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).

21           Plaintiff argues that *Heck* does not bar this § 1983 action because *Spencer v. Kemna*, 523

22   U.S. 1 (1998), virtually eliminates the defendants' *Heck* defense.  He contends the *Spencer* court

23   held that a prisoner who cannot challenge the validity of his conviction by either appeal or

24   postconviction remedy may sue for damages under 42 U.S.C. § 1983. (Dkt. #27 at 2.)  However,

25

26   REPORT AND RECOMMENDATION
     Page - 6

he appears to rely on a view expressed by Justice Souter in a concurring opinion, which the Justice explained was an added reason that the majority opinion did not reach. *See Spencer*, 523 U.S. at 19-21 (Souter, J., concurring).  Careful review of *Spencer's* majority opinion shows that its focus was whether a prisoner's completion of the term of imprisonment underlying his parole revocation caused his pending habeas petition challenging the parole revocation to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. *Spencer*, 523 U.S. at 7.  The majority's ruling on this issue has no relevance to Plaintiff's § 1983 action.

Plaintiff further argues that *Heck* cannot be applied to him because he has been released from prison.  (Dkt. #27 at 3.)  He asserts that his detention under *In re Young*, 122 Wn.2d 1 (1993) ("*In re Young* (1993)"), has been overturned by *In re Detention of Young*, 120 Wn. App. 753 (2004) ("*In re Detention of Young* (2004)").  (*Id.*).  He argues that *Heck* is not applicable to a suit when Plaintiff is not considered a prisoner.  (*Id.* at 4.)  These arguments also lack merit.

The Ninth Circuit Court of Appeals has held:

> *Heck's* favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements of habeas corpus. . . . It is well established that detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement. *See Duncan v. Walker*, 553 U.S. 167. 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (stating that a state court order of civil commitment satisfies a § 2254 "in custody" requirement).

*Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005).  The *Huftile* court concluded that *Heck* applies to SVP detainees with access to habeas relief. *Id.* at 1140. Accordingly, in his present status as a civil detainee at the SCC, Plaintiff falls squarely within the scope of this holding.

Additionally, Plaintiff misconstrues the court's holding in *In re Detention of Young* (2004), which neither explicitly nor implicitly overturned *In re Young* (1993).  The Washington

REPORT AND RECOMMENDATION
Page - 7

1    Supreme Court in *In re Young* (1993), concluded, among various issues, that the state's SVP

2    Act is constitutional. *In re Young*, 122 Wn.2d at 59, 857 P.2d 989. The court also affirmed the

3    sex predator determination in Mr. Young's civil commitment trial, but remanded his case for

4    consideration of a less restrictive alternative. *Id.* at 60, 857 P.2d 989. The later case, *In re*

5    *Detention of Young* (2004), arose from the trial court's termination of Plaintiff's annual show

6    cause hearing in 2002 without further proceedings, ruling that he failed to make a prima facie

7    showing that his condition had so changed that he was not longer a sexually violent predator.

8    The Washington Court of Appeals, in *In re Detention of Young* (2004), held that the trial court

9    erred by failing to order a new commitment hearing because: 1) the trial court improperly

10   weighed the evidence presented, rather than simply determining whether Plaintiff presented

11   evidence that his condition changed sufficiently to meet the statutory standard; and 2) Plaintiff

12   presented sufficient evidence to make a prima facie probable cause showing. *In re Detention of*

13   *Young*, 120 Wn. App. at 758-760, 86 P.3d 810. Thus, contrary to Plaintiff's claim that "the

14   charge of being a sexual violent predator has been reversed and remanded by *In re Young*, 120

15   Wn. App. 753 (2004)," the court reversed and remanded for an evidentiary hearing on the issue

16   of whether Plaintiff is no longer a SVP. *Id.* at 755.

17       In further opposition to application of the *Heck* rule, Plaintiff argues that he is seeking

18   declaratory and injunctive relief, not damages. In their reply, Defendants acknowledge that the

19   *Heck* rule does not apply to claims for prospective injunctive relief, but it does bar actions for

20   declaratory relief that implicate the validity of civil commitment proceedings under a SVPA. *See*

21   *Huftile* , 410 F.3d 1136. Therefore, Defendants argue that Plaintiff's claims for declaratory relief

22   should be dismissed under the *Heck* rule.

23       Although Plaintiff maintains that he is not asking for release from custody, a declaratory

24   judgment in favor of his claim that *In re Young* (1993) is invalid and cannot be used to imprison

25
26   REPORT AND RECOMMENDATION
     Page - 8

1    or prosecute him, would necessarily imply the invalidity of his civil commitment.  As noted

2    above, *In re Young* (1993) affirmed Plaintiff's designation as a sex predator and upheld the

3    constitutionality of Washington's SVP statute, both of which formed the basis for Plaintiff's

4    original and continued civil commitment at the SCC.  Thus, Plaintiff's §1983 claim for

5    declaratory relief amounts to a collateral attack on his civil commitment that is barred by *Heck*

6    because his civil commitment has not already been invalidated.  It is therefore recommended that

7    Plaintiff's claim for declaratory relief be dismissed.

8         However, given that Plaintiff's claim for injunctive relief is not barred under *Heck*, the

9    Court must next determine whether this claim, which is so closely intertwined with his request

10   for declaratory relief regarding *In re Young* (1993), remains viable under § 1983.  In order to

11   state a claim under § 1983, a plaintiff must allege: (1) a violation of rights protected by the

12   Constitution or created by a federal statute, (2) proximately caused (3) by conduct of a "person"

13   (4) acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In

14   addition, a plaintiff must allege facts showing how individually named defendants caused or

15   personally participated in causing the harm alleged in the complaint.  *Arnold v. IBM*, 637 F.2d

16   1350, 1355 (9th Cir. 1981).

17        2.    Unnamed defendants

18        Defendants argue that Plaintiff's claims against "all other King County Superior Court

19   Judges, including all judges and prosecutors of the State of Washington" must be dismissed

20   because Plaintiff has neither named any of those individuals nor has he made any factual

21   allegations against them that would give rise to liability under § 1983.  This Court agrees.  In the

22   absence of allegations showing personal participation by individual members of this group in the

23   alleged constitutional deprivations that form the basis of his claims, Plaintiff's complaint fails to

24   state a claim upon which relief can be granted.  *See Arnold*, 637 F.2d at 1655.

25
     REPORT AND RECOMMENDATION
26   Page - 9

3.     Claims against Local Governmental Units

Defendants argue that Plaintiff's complaint against King County should be dismissed because Plaintiff failed to plead any facts demonstrating that King County has a policy, practice or custom of engaging in any of the acts alleged in the complaint.  Instead, all of Plaintiff's claims are imputed to the county by the alleged actions of its employees.  (Dkt. # 24 at 5.)

A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell v. Department of Social Servs.* 436 U.S. 658, 691-694 (1978).  Rather in order to sue a local governmental entity, plaintiff must allege facts showing that any constitutional deprivation he suffered was the result of a "custom or policy" of the local governmental unit.  *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403, 177 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Ortiz v. Washington County*, 88 F.3d 804, 811 (9th Cir. 1996).

In the instant case, other than listing King County as a defendant in its caption, Plaintiff's complaint makes no further mention of the county itself and makes no specific allegations regarding policies, customs, or practices of this defendant that caused any constitutional deprivations that he suffered.[6]  Yet, the "policy or custom" requirement does not apply to suits for prospective relief.  *See Los Angeles Police Proctective League v. Gates*, 995 F.2d 1469, 1472 (9th Cir. 1993).  Therefore, Plaintiff's claim for injunctive relief cannot be dismissed on the basis of his failure to make allegations of constitutional deprivations resulting from a specific custom or policy of this local governmental unit.

---

[6]The Court also notes that Plaintiff's only reference to defendant City of Seattle is in the caption of his complaint.  It does not appear from the record that this defendant ever received service and therefore, it has not appeared in this action.

REPORT AND RECOMMENDATION
Page - 10

1

4.   Judicial and Prosecutorial Immunity

2      Defendants claim that former Superior Court Judge Richard Jones, King County

3 Prosecuting Attorney Norm Maleng, and Attorney General Robert M. McKenna are immune

4 from suit regarding the matters raised in Plaintiff's complaint.

5      Judges are absolutely immune from damage actions for judicial acts taken within the

6 jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per

7 curiam) (citation omitted).  Similarly, prosecutors have been specifically accorded absolute

8 immunity from § 1983 claims for acts done within the scope of their official duties.  *Imbler v.*

9 *Pachtman*, 424 U.S. 409, 439, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).  "If the prosecutor acts as

10 an advocate 'in initiating a prosecution and in presenting the State's case' absolute immunity is

11 warranted." *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir.

12 1984) (quoting *Imbler*, 424 U.S. at 430-431).  This includes state prosecutors.  *Imbler*, 424 U.S.

13 at 427.

14      However, judicial immunity for state defendants does not extend to actions for

15 prospective injunctive relief.  *See Mireles v. Waco*, 502 U.S. 9, 10 n. 1 (1991) (per curiam);

16 *Pulliam v. Allen*, 466 U.S. 522, 541-542, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).  Likewise,

17 "[p]rosecutorial immunity only protects the defendants from [§] 1983 damage claims; it does

18 not protect them from suits for injunctive relief." *Goebel v. Maricopa County*, 867 F.2d 1201,

19 1203 n.6 (9th Cir. 1989).  Accordingly, Plaintiff's claims for injunctive relief against these

20 defendants cannot be dismissed on the basis of judicial and prosecutorial immunity.

21      While neither the "custom or policy" requirement nor judicial and prosecutorial immunity

22 would extend to the claim for injunctive relief in this case, the undersigned nevertheless

23 recommends that Plaintiff's action against King County, the City of Seattle,  former Superior

24 Court Judge Richard Jones, King County Prosecuting Attorney Norm Maleng, and Attorney

25

26

REPORT AND RECOMMENDATION
Page - 11

1    General McKenna be dismissed because Plaintiff's request for injunctive relief is so inextricably

2    intertwined with his claim for declaratory relief , which is barred under *Heck*.  In his complaint,

3    Plaintiff states that "the complaint is premised, as it pertains to plaintiff, on the fact that

4    defendants lacked original, or subject matter jurisdiction needed to prosecute plaintiff, in the first

5    instance, to come up with *In re Young*, 122 Wn.2d 1 (1993)."  (Compl., Dkt. #11 at 2.)  He also

6    maintains that *In re Young*, "is invalid, as will be shown [in the complaint]" and thus, "cannot be

7    used to imprison or prosecute plaintiff."  (Dkt. #11 at 2.)

8            These allegations form the basis for Plaintiff's request for injunctive relief prohibiting

9    Defendants' use of *In re Young*, 122 Wn.2d 1.  Yet, to the extent that Plaintiff seeks to challenge

10   the validity of *In re Young,* which has become part of Washington's common law, that challenge

11   must be pursued by way of appeal through the state court system and certiorari from the

12   Supreme Court, rather than in a § 1983 action in federal district court.  Accordingly, Plaintiff's

13   claim for injunctive relief must be dismissed because his complaint lacks a cognizable legal basis

14   for granting the requested injunctive relief.

15   B.    Other Pending Motions

16           Subsequent to the filing of defendant King County's motion to dismiss, Plaintiff

17   filed a motion to dismiss all of the defendants' responses to his complaint and a motion

18   for summary judgment on the basis that the defendants are issue precluded from re-

19   litigating issues reached in *Young v. Smith*, 8 Wn. App. 276, 505 P.2d 824 and *In re

20   Detention of Young*, 120 Wn. App. 753, 86 P.3d 810.  (Dkt. ## 29 and 38).  In light of

21   this Court's conclusion that Defendants' motions to dismiss Plaintiff's complaint should

22   be granted, Plaintiff's pending motions are stricken as moot.

                                            IV.  CONCLUSION

23

24           For the reasons stated above, the Court recommends that Defendants' motions to dismiss

25

26   REPORT AND RECOMMENDATION
     Page - 12

1  be GRANTED pursuant to Fed. R. Civ. P. 12(b)(6) and this case be dismissed with prejudice.

2  The Court further recommends that Plaintiff's motion to dismiss all Defendants' responses and

3  Plaintiff's motion for summary judgment be STRICKEN as moot.  A proposed Order

4  accompanies this Report and Recommendation.

5       DATED this 11th day of June, 2008.

6

7                                _____

8                                JAMES P. DONOHUE
                              United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  REPORT AND RECOMMENDATION
    Page - 13